UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sadik Beciraj,  Civil No. 06-3160 (MJD/FLN)

      Petitioner,

v.  **REPORT AND RECOMMENDATION**

United States Department of Homeland
Security, Immigration and Customs
Enforcement Agency,

      Respondent.

_____

Phillip F. Fishman, Esq., for Petitioner
Lonnie F. Bryan, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. This Court issued an Order directing the Respondent to show cause as to why Petitioner's Writ should not be granted [#3]. Respondent filed a response in opposition to Petitioner's petition [#6]. Subsequently, the Court issued a second Order directing the Respondent to address issues not addressed in Respondent's first response [#7]. Respondent filed a second response addressing the issues raised by the Court [#8]. Petitioner filed a reply to respondent's response [#12]. On March 26, 2007, the Court heard oral arguments on this matter. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Petitioner's petition for writ of habeas corpus be denied.

## I. BACKGROUND

-1-

Petitioner is currently designated for removal from the United States. (Administrative Record (hereinafter "AR") 8-9; 16.) Petitioner entered the United States in 1997 as a refugee[1] from Mostar, Bosnia. (Affidavit of Phillip F. Fishman, Ex. A.) Petitioner was granted refugee status based upon persecution he experienced as an Albanian Muslim in Bosnia.[2] (Affidavit of Phillip F. Fishman, Ex. A.) On April 8, 2000, Petitioner became a lawful permanent resident of the United States. (Affidavit of Phillip F. Fishman, Ex. A.) On May 25, 2006, Petitioner was ordered removed from the United States based upon an aggravated felony conviction for arson. (AR 9.)

Petitioner designated Bosnia as the country to which he should be removed. (AR 9.) Bosnia refused to accept Petitioner because it determined that he is a Serbian citizen. Respondent selected Serbia as the alternate country for removal under Section 1231 (b)(2), which allows for the Attorney General to remove Petitioner to the country where his birthplace is located, when the country selected by Petitioner will not accept him. 8 U.S.C. § 1231 (b)(2).

Respondent has requested that Petitioner sign his application for travel papers to Serbia. (AR 57-60.) Petitioner has refused to sign the travel application required by the Serbian Government. (AR 65.) Petitioner's refusal to sign the travel application is motivated by fear of continued persecution by the Serbian Government. (Affidavit of Phillip F. Fishman, Ex. C.) Petitioner's

---

[1] A refugee is defined as a person who has experience "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1101 (a) (42).

[2] The Court has reviewed the immigration documents establishing Petitioner's refugee status. (Affidavit of Phillip F. Fishman, Ex. A.) The immigration documents only references persecution experienced in Bosnia and does not reference any persecution experienced by the Petitioner in Serbia. Although Petitioner details horrible atrocities that he has suffered in both Bosnia and Serbia, the only evidence of persecution in Serbia is contained in an examination of Petitioner by Charles R. Freeman, Ph. D., L.P. (Affidavit of Phillip F. Fishman, Ex. C.)

removal to Serbia cannot be completed until Petitioner signs the application.

## II. DISCUSSION

Petitioner brings this action under 28 U.S.C. § 2241. Because Petitioner is challenging his continued detention while awaiting removal, his habeas petition is properly brought under section 2241. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).[3]

In Zadvydas, the Supreme Court held that Government's detention of an alien awaiting removal is presumptively reasonable for a 6-month period after the final order of removal. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future, the Government must respond with evidence to rebut that showing." Id. If the Court "determine[s] that there is no significant likelihood of removal in the reasonably foreseeable future," then an alien may no longer be held awaiting removal. Id. However, "[t]he removal period shall be extended . . . and the alien may

---

[3]During the hearing, on this matter Petitioner raised arguments based upon the sufficiency of the notice in the immigration proceedings below. Specifically, Petitioner contends that the charging document language, which reads "you are a native of Yugoslavia and a citizen of Yugoslavia," makes the removal invalid.

Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. Section 1252(a)(5) states that

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

*Id*. § 1252(a)(5). Section 242(b)(2) of the Immigration and Nationality Act defines the proper venue for a petition for review as "the court of appeals for the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings." INA § 242(b)(2), 8 U.S.C. § 1252(b)(2). Therefore, Petitioner's arguments that challenge the order of removal will not be considered, as this Court does not have jurisdiction.

remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure . . .." 8 U.S.C. § 1231(a)(1)(C).

The Government argues that Petitioner's removal is reasonably foreseeable. The Government asserts that upon signing his travel application to Serbia, his removal will be effectuated shortly thereafter. Additionally, the Government argues that if the Court were to find that removal was not reasonably foreseeable, then the only thing that would make Petitioner's removal not reasonably foreseeable is his refusal to sign the travel documents; thereby implicating Section 1231(a)(1)(C), which tolls the removal period "if the alien fails or refuses to make timely application in good faith for travel." 8 U.S.C. §1231(a)(1)(C).

Petitioner claims that his removal is not reasonably foreseeable on two separate grounds. The first ground is that post-traumatic stress disorder ("PTSD") makes him unable to sign documents for travel to Serbia. Since his refusal to sign is not willful, Petitioner claims it does not constitute a failure to make an application in good faith. The second ground is that the Attorney General is statutorily barred from removing the Petitioner to Serbia by Section 1231(b)(3)(A), which reads "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country . . .." 8 U.S.C. §1231(b)(3)(A).

The Court rejects Petitioner's first argument that his PTSD makes his failure to sign not willful and does not show a lack of good faith on his part. If removal to Serbia threatens Petitioner's life or freedom, this is a determination to be made by the Attorney General under Section 1231(b)(3)(A); not Petitioner or a psychologist. The Court finds that Petitioner is able to sign the travel application and his failure to sign these documents demonstrates a lack of good faith required

by Section 1231(a)(1)(C).

Petitioner's second argument overlooks the fact that the Attorney General has not "decide[d] that the alien's life or freedom would be threatened in [Serbia]." 8 U.S.C. §1231(b)(3)(A). At the time Petitioner received refugee status, the Attorney General made such a determination regarding Bosnia, but never in regard to Serbia. Without a determination by the Attorney General that the Petitioner's life or freedom is threatened in Serbia, Section 1231(b)(3)(A) does not create a barrier to removal to Serbia.

Petitioner's removal to Serbia is reasonably foreseeable, therefore his continued detention is permissible. The record reflects that, once Petitioner makes an application for removal to Serbia, removal will occur in the foreseeable future.[4] Petitioner cannot obstruct his own removal and then claim the he must be released from custody because his removal is taking too long.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED**.

DATED: June 4, 2007                              s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words.

---

[4] The Government indicated in the hearing that if Petitioner's application for travel to Serbia is denied, then it is very likely that he would be in the same position as Zadvydas because at that point his removal would not be reasonably foreseeable.

A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.